Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

CARLOS PARRA, *individually and on behalf of others similarly situated,*

                    *Plaintiff,*

            -against-

42-15 235TH STREET HOSPITALITY LLC d/b/a SOUTHERN HOSPITALITY BBQ), SHNY RESTAURANT GROUP LLC. (d/b/a SOUTHERN HOSPITALITY BBQ), and EYTAN SUGARMAN

                    *Defendants.*

------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Carlos Parra, individually and on behalf of others similarly situated ("Plaintiff Parra"), by and through his attorneys, Michael Faillace & Associates, P.C., and as against each of 42-15 235th Street Hospitality LLC (d/b/a Southern Hospitality BBQ), SHNY Restaurant Group LLC). (d/b/a/ Southern Hospitality BBQ) ("Defendant Corporations"), and Eytan Sugarman, (collectively, "Defendants"), alleges upon information and belief as follows:

## NATURE OF ACTION

1.     Plaintiff Parra was an employee of Defendants 42-15 235th Street Hospitality LLC (d/b/a Southern Hospitality BBQ), SHNY Restaurant Group LLC. (d/b/a/ Southern Hospitality), and Eytan Sugarman, who own and operate Southern Hospitality.

1

2. Southern Hospitality are two Sports bars/southern restaurants owned by Eytan Sugarman, located at 1460 Second Avenue, New York, NY 10021 ("Second Avenue location") and at 645 Ninth Avenue, New York, New York 10036 ("Ninth avenue location") under the name "Southern Hospitality".

3. Upon information and belief, Defendants Eytan Sugarman serves or served as owner, manager, principal or agent of Defendant Corporations and through these corporate entities operates or operated the sports bars/southern restaurants as a joint or unified enterprise.

4. Plaintiff Parra was an employee of Defendants.

5. Plaintiff Parra worked long days as a cook at the sports bars/southern restaurants located at 1460 second Avenue, New York, NY 10021 and 645 Ninth Avenue, New York, New York 10036.

6. Plaintiff Parra regularly worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for any of the hours that he worked over 40 each week.

7. Rather, Defendants failed to maintain accurate records of hours worked and failed to pay Plaintiff Parra appropriately for any hours worked over 40.

8. Further, Defendants failed to pay Plaintiff Parra the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9. Defendants' conduct extended beyond Plaintiff Parra to all other similarly situated employees.

10. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Parra and other employees to work in excess of forty (40) hours

per week without providing the overtime compensation required by federal and state law and regulations.

11. Plaintiff Parra now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

12. Plaintiff Parra seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Parra's state law claims is conferred by 28 U.S.C. § 1367(a).

14. Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff Parra was employed by Defendants in this district.

## PARTIES

*Plaintiff*

3

15.     Plaintiff Carlos Parra ("Plaintiff Parra" or "Mr. Parra") is an adult individual residing in Kings County, New York.

16.     Plaintiff Parra was employed by Defendants from approximately 2006 until on or about August 30, 2016.

17.     Plaintiff Parra worked for Defendants as a cook at the Second Avenue location from approximately 2006 until on or about September 2011 and at the Ninth Avenue location from approximately September 2011 until on or about August 30, 2016.

18.     Plaintiff Parra consents to being party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

19.     Defendants own, operate and/or control two Sports bars/southern restaurants, one of which is located at 1460 second Avenue, New York, New York 10021 and the other one is located at 645 Ninth Avenue, New York, New York 10036 under the name Southern Hospitality , at all times relevant to this complaint.

20.     Upon information and belief, Defendant 42-15 235th Street Hospitality LLC (d/b/a Southern Hospitality BBQ), SHNY Restaurant Group LLC). (d/b/a/ Southern Hospitality BBQ).  ("Defendant Corporations") are corporations organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 1460 Second Avenue, New York, New York, 10021.

21.     Defendant Eytan Sugarman is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

22. Defendant Eytan Sugarman is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

23. Defendant Eytan Sugarman possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

24. Defendant Eytan Sugarman determined the wages and compensation of employees, including Plaintiff Parra, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

25. Defendants operate two sports bars/southern restaurants located at 1460 Second Avenue, New York, NY, 10021 and at 645 Ninth Avenue, New York, New York 10036 under the name "Southern Hospitality BBQ".

26. Individual Defendant Eytan Sugarman possesses operational control over Defendant Corporation, possesses an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

27. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28. Each Defendant possessed substantial control over Plaintiff Parra's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Parra, and all similarly situated individuals, referred to herein.

29. Defendants jointly employed Plaintiff Parra , and all similarly situated individuals, and are Plaintiff Parra's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

30. In the alternative, Defendants constitute a single employer of Plaintiff Parra and/or similarly situated individuals.

31. Upon information and belief, individual Defendant Eytan Sugarman operates Defendant Corporations as either alter egos of themselves, and/or fail to operate Defendant Corporations as entities legally separate and apart from their own selves, by, among other things:

(a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;

(b) defectively forming or maintaining Defendant Corporations, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c) transferring assets and debts freely as between all Defendants;

(d) operating Defendant Corporations for their own benefit as the sole or majority shareholders;

(e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed corporations or closely controlled entities;

(f) intermingling assets and debts of their own with Defendant Corporations;

(g)     diminishing and/or transferring assets of Defendant Corporations to protect their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

32.     At all relevant times, Defendants were Plaintiff Parra's employers within the meaning of the FLSA and NYLL.

33.     Defendants had the power to hire and fire Plaintiff Parra, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff Parra's services.

34.     In each year from 2010 to 2016, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were sold in the sports bars/southern restaurants on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

36.     Plaintiff Parra is a former employee of Defendants, who was employed as a cook.

37.     Plaintiff Parra seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Carlos Parra*

38.     Plaintiff Parra was employed by Defendants from approximately 2006 until on or about August 30, 2016.

39. At all relevant times, Plaintiff Parra was employed by Defendants to work as a cook.

40. Plaintiff Parra regularly handled goods in interstate commerce, such as food, condiments and supplies necessary to perform his duties as a cook.

41. Plaintiff Parra's work duties required neither discretion nor independent judgment.

42. Throughout his employment with Defendants, Plaintiff Parra regularly worked in excess of 40 hours per week.

43. From approximately October 2010 until on or about September 2011, Plaintiff Parra worked at the Second Avenue location from approximately 2:00 p.m. until on or about 1:00 a.m. three days a week and from approximately 8:00 a.m. until on or about 6:00 p.m. three days a week (typically 63 hours per week).

44. From approximately September 2011 until on or about February 2013, Plaintiff Parra worked at the Ninth Avenue location from approximately 12:00 a.m. until on or about 9:00 or 10:00 a.m. Mondays through Saturdays (typically 54 to 60 hours per week).

45. From approximately February 2013 until on or about June 2014, Plaintiff Parra worked at the Ninth avenue location from approximately 4:00 p.m. until on or about 1:00 a.m. Mondays, Tuesdays and Wednesdays and from approximately 4:00 p.m. until on or about 2:30 a.m. Thursdays, Fridays and Saturdays (typically 58.5 hours per week).

46. From approximately June 2014 until on or about August 30, 2016, Plaintiff Parra worked at the Ninth avenue location from approximately 9:00 a.m. until on or about 5:00 p.m.

Mondays through Thursdays and from approximately 9:00 a.m. until on or about 6:30 p.m. Fridays and Saturdays (typically 52.5 hours per week).

47. Throughout his entire employment, defendants paid Plaintiff Parra his wages by check.

48. From approximately October 2010 until on or about September 2011, defendants paid Plaintiff Parra a fixed salary of $805.00 per week.

49. From approximately September 2011 until on or about August 2014, defendants paid Plaintiff Parra a fixed salary of $955.00 per week.

50. From approximately August 2014 until on or about August 30, 2016, defendants paid Plaintiff Parra a fixed salary of $1028.85 per week.

51. Plaintiff Parra's salary did not vary regardless of how many additional hours he worked in a week.

52. For example, Defendants required Plaintiff Parra to work one to one and a half hours past his regular departure time at least three nights a week, without paying him any additional compensation.

53. Defendants never granted Plaintiff Parra a meal break or rest period of any kind.

54. Plaintiff Parra was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

55. Defendants did not provide Plaintiff Parra with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

9

56. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Parra regarding wages as required under the FLSA and NYLL.

57. Defendants did not provide Plaintiff Parra with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

58. Defendants did not give any notice to Plaintiff Parra, in English and in Spanish (Plaintiff Parra's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

59. Defendants required Plaintiff Parra to purchase "tools of the trade" with his own funds—including 60 pairs of special pants for cooks.

*Defendants' General Employment Practices*

60. Defendants regularly required Plaintiff Parra to work in excess of forty (40) hours per week without paying him the required overtime compensation and spread of hours pay.

61. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Parra and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate overtime compensation, as required by federal and state laws.

62. Defendants' pay practices resulted in Plaintiff Parra not receiving payment for all his hours worked.

63. Defendants habitually required their employees, including Plaintiff Parra, to work additional hours beyond their regular shifts, but did not provide them with any additional compensation.

64. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

65. Defendants also failed to post required wage and hour posters in the restaurant, and did not provide Plaintiff Parra with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Parra's relative lack of sophistication in wage and hour laws.

66. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Parra (and similarly situated individuals) worked, and to avoid paying Plaintiff Parra properly for (1) his full hours worked, (2) for overtime due, and for (3) his Spread of Hours.

67. Defendants failed to provide Plaintiff Parra and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and in Spanish, the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

68.     Plaintiff Parra brings his FLSA overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Southern Hospitality (the "FLSA Class").

69.     At all relevant times, Plaintiff Parra and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

70.     The claims of the Plaintiff stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

71.     Plaintiff Parra repeats and re-alleges all paragraphs above as though fully set forth herein.

72.     Defendants, in violation of the FLSA, failed to pay Plaintiff Parra (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

73. Defendants' failure to pay Plaintiff Parra (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

74. Plaintiff Parra (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF
## THE NEW YORK STATE LABOR LAWS

75. Plaintiff Parra repeats and re-alleges all paragraphs above as though fully set forth herein.

76. Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff Parra (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

77. Defendants' failure to pay Plaintiff Parra (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

78. Plaintiff Parra (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
## OF THE NEW YORK COMMISSIONER OF LABOR

79. Plaintiff Parra repeats and re-alleges all paragraphs above as though fully set forth herein.

80. Defendants failed to pay Plaintiff Parra (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Parra's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.*, and 650 *et seq.*, and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

81. Defendants' failure to pay Plaintiff Parra (and the FLSA Class members) an additional hour's pay for each day Plaintiff Parra's (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

82. Plaintiff Parra (and the FLSA Class members) were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

83. Plaintiff Parra repeats and re-alleges all paragraphs above as though fully set forth herein.

84. Defendants failed to provide Plaintiff Parra with a written notice, in English and in Spanish (Plaintiff Parra's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

85. Defendants are liable to Plaintiff Parra in the amount of $5,000, together with costs and attorneys' fees.

### FIFTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS

**OF THE NEW YORK LABOR LAW)**

86. Plaintiff Parra repeats and re-alleges all paragraphs above as though set forth fully herein.

87. Defendants did not provide Plaintiff Parra with wage statements upon each payment of wages, as required by NYLL 195(3).

88. Defendants are liable to Plaintiff Parra in the amount of $5,000, together with costs and attorneys' fees.

**SIXTH CAUSE OF ACTION**
**(RECOVERY OF EQUIPMENT COSTS)**

89. Plaintiff Parra repeats and re-alleges all paragraphs above as though set forth fully herein.

90. Defendants required Plaintiff Parra to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as kitchen pants, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

91. Plaintiff Parra was damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Parra respectfully request that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Parra and the FLSA class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Parra's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Parra and the FLSA class members;

(e)     Awarding Plaintiff Parra and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Parra and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Parra and the members of the FLSA Class;

(h)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Parra and the members of the FLSA Class;

(i)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Parra's and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(j) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Parra and the FLSA Class members;

(k) Awarding Plaintiff Parra and the FLSA class members damages for the amount of unpaid overtime wages and spread of hours pay, under the NYLL as applicable;

(l) Awarding Plaintiff Parra and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable;

(m) Awarding Plaintiff Parra and the FLSA class members pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiff Parra and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(o) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
      October 15, 2016

                          MICHAEL FAILLACE & ASSOCIATES, P.C.

        /s/ Michael Faillace
By:    Michael A. Faillace [MF-8436]
        60 East 42nd Street, Suite 2540
        New York, New York 10165
        (212) 317-1200
        *Attorneys for Plaintiff Parra*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

October 7, 2016

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:               **Carlos Parra**

                             Michael Faillace & Associates, P.C.

Legal Representative / Abogado:

                             _[signature]_____

Signature / Firma:

                             _____07 de octubre de 2016_____

Date / Fecha:

*Certified as a minority-owned business in the State of New York*